SMITH et al. v. FIRST STATE BANK & TRUST CO. (No. 6732.) (Court of Civil Appeals of Texas. San Antonio. April 19, 1922. Rehearing Denied May 17, 1922.) Appeal from Williamson County Court; Cooper Sansom, Special Judge. Action by George W. Smith and others against the First State Bank & Trust Company. Judgment for defendant, and plaintiff appeals. Affirmed. W. H. Nunn, of Georgetown, for appellant. Critz & Lawhon, of Taylor, for appellee.

FLY, C. J. This is a suit by appellants against appellee to recover damages in the sum of $987.25, alleged to have accrued by reason of the conversion by appellee of a certain crop of corn and cotton produced on a farm by the renters of appellants on lands owned by them. A jury was waived, the cause heard by the court, and judgment was rendered that appellants take nothing by their suit and pay all costs of suit. This suit was one purely of conversion of 100 bales of cotton, 8 tons of cotton seed, 40 acres of corn, and 4,000 feet of lumber. The question of a landlord's lien on the crops was not raised by the pleadings, and there was no prayer to foreclose any lien. The prayer was for damages and for costs of suit. The facts were that appellants had leased their land to R. J. Eckhardt for the years 1918, 1919, and 1920. He sublet the premises in 1920 to C. S. Henderson, and appellants were to receive one-fourth of all the rents. Appellee had a valid mortgage on all the horses, mules, farm implements, and crops of said Henderson. He agreed to pay one-fourth of the cotton and one-third of the corn and other

crops as rent for the place, and appellants were entitled to one-fourth of that rent. With the knowledge and consent of appellants and Henderson, appellee took charge of the cotton crop in order to gather it, and the utmost diligence was used by appellee to gather and market the cotton. All of it was gathered that could be under the unfavorable weather conditions, and appellants received all of their rent from the same. There was no corn on the place when appellee took possession, and none was converted by appellee. No lumber was used· or appropriated by appellee, or by any one else with its knowledge and consent. There was no competent testimony to show conversion, and on the other hand there was sufficient affirmative evidence to show that no cotton, cotton seed, or lumber was converted by appellee to its own use. No landlord's lien was claimed by appellants, and, if it had been, it could not have been invoked under the facts.· Our conclusions of fact dispose of all the assignments of error, and the judgment is affirmed.